IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIRT ALAN DUGGER, ) | |
| ) | |
| Plaintiff ) | Case No. |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| <u>Serve:</u> Attorney General ) | |
| U.S. Dept. of Justice ) | |
| 950 Pennsylvania Avenue ) | |
| Washington, D.C. 20530-0001 ) | |
| ) | |
| <u>Serve:</u> Acting U.S. Attorney Dist. of Kansas, ) | |
| Duston J. Slinkard ) | |
| 500 State Avenue, Suite 360 ) | |
| Kansas City, KS 66101 ) | |
| ) | |
| and ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| <u>Serve:</u> Director, FBI ) | |
| 935 Pennsylvania Ave. NW ) | |
| Washington, DC 20535 ) | |
| ) | |
| and ) | |
| ) | |
| FEDERAL BUREAU OF ALCOHOL, ) | |
| TOBACCO, FIREARMS AND EXPLOSIVES, ) | |
| <u>Serve:</u> Associate Chief Counsel ) | |
| Office of Chief Counsel ) | |
| 99 New York Avenue NE ) | |
| Washington, D.C. 20226 ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PETITION FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

1

COME NOW, Plaintiff, by and through counsel, and, pursuant to Fed. R. Civ. Pro. 57, 28 U.S.C. § 2201, and 18 U.S.C. § 925A, hereby submits this Petition for Declaratory Judgment and Other Relief. In support thereof, Plaintiff states as follows.

1. Plaintiff is a natural person; at all times pertinent hereto he was and is a *bona fide* resident of the State of Kansas.

2. Defendant Federal Bureau of Investigation (hereinafter, "FBI") is a United States agency, whose responsibilities include managing the National Instant Criminal Background Check System (hereinafter, "NICS"), pursuant to 28 C.F.R. § 25.3. The system manager and address for the same are: Director, Federal Bureau of Investigation, J. Edgar Hoover F.B.I. Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535. *Id.*

3. Defendant Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") is a United States agency, whose responsibilities include the regulation of sales of firearms in interstate commerce by Federal Firearms Licensees (hereinafter, "FFL"), pursuant to 27 C.F.R. § 448.

4. Upon information and belief, John Doe is a natural person, an employee or other agent of Defendant FBI, and who wrongfully denied the transfer of a firearm from an FFL to Plaintiff based upon information in the NICS system.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because of a question of federal law, to-wit, the interpretation and application of 18 U.S.C. § 922. Furthermore, Plaintiff has a private cause of action of federal jurisdiction pursuant to 18 U.S.C. § 925A.

6. Plaintiff was convicted on May 14, 2015 in the District Court of Thomas County, Kansas of the crime of felony drug possession, K.S.A. 21-5706, a felony.

7. Plaintiff's sentence for the conviction was completed by July 31, 2017, the day his probation ended.

8. Plaintiff had the conviction expunged pursuant to Kansas law in the District Court of Thomas County by order entered August 12, 2020.

9. After the order of expungement was entered, Plaintiff attempted to purchase a firearm from an FFL. Pursuant to said attempted purchase, Plaintiff submitted information on ATF Form 4473, by which Defendants determined Plaintiff's eligibility to purchase said firearm.

10. Defendants denied said purchase.

11. Plaintiff perfected an administrative appeal of Defendants' denial of his firearm purchase in July 2020. Plaintiff submitted his "Voluntary Appeal File," or "VAF" through electronic means and submitted his fingerprint card as Defendants requested.

12. By letter dated March 12, 2022, the Defendant FBI's Criminal Justice Information Services (CJIC) Division's National Instant Criminal Background Check System (NICS) Section finally processed Plaintiffs VAF application and notified Plaintiff of the denial of the same.

13. Defendants rejected Plaintiffs VAF application and denied him the transfer on the following grounds:

> *"Your transaction indicates that you have been matched with the following federal prohibitive information under Title 18, United States Code, sections 921(a)(33) and 922(g)(9): 'A person who has been convicted in any court of a misdemeanor crime of domestic violence which has an element for the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is*

*cohabiting with or has cohabited with the victim as a spouse, parent, or guardian or by a person similarly situated to a spouse, parent, or guardian of the victim";*

*Your transaction also indicates that you have been matched with the following federal prohibitive information under Title 18, United States Code (U.S.C.), sections 921(a)(20) and 922(g)(1): 'A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years."*

## The Felony Conviction

14. Under Kansas law, one's right to possess firearms lost pursuant to K.S.A. Chapter 21, Article 57 convictions (drug crimes) are restored by operation of law after the passage of eight (8) years after conviction, pursuant to K.S.A. 21-6304(a)(3).

15. The Kansas general expungement statute, K.S.A. 21-6614, states, in pertinent part:

> A person whose arrest record, conviction or diversion of a crime that resulted in such person being prohibited by state or federal law from possessing a firearm has been expunged under this statute shall be deemed to have had such person's right to keep and bear arms fully restored. This restoration of rights shall include, but not be limited to, the right to use, transport, receive, purchase, transfer and possess firearms. The provisions of this paragraph shall apply to all orders of expungement, including any orders issued prior to July 1, 2021.

K.S.A. 21-6614(k)(2).

16. 18 U.S.C 921(a)(20) states: "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

4

17. For the purpose of 18 U.S.C 921(a)(20), a person's civil rights have been restored when, pursuant to state law, they have had restored to them: (1) the right to vote; (2) the right to seek and hold public office; (3) the right to serve on a jury; and their right to possess firearms. *U.S. v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994); see also *U.S. v. Reese*, 559 Fed.Appx. 777 (2014).

18. Under Kansas law, the (1) right to vote, the (2) right to hold public office, and the (3) right to serve on a jury are lost pursuant to a felony conviction, but are restored once the convicted felon completes his sentence. K.S.A. 21-6613.

19. Plaintiff completed the sentence for his felony conviction no later than July 31, 2020, the day his probation ended.

20. Plaintiff's right to vote, his right to hold public office, and his right to serve on a jury were restored to him under Kansas law when the sentence for his felony conviction was completed.

21. Plaintiff's right to possess firearms under State law was restored to him when his felony conviction was expunged in the District Court of Thomas County by order entered July 31, 2020.

22. Plaintiff "has had [his] civil rights restored" for the purpose of 18 U.S.C 921(a)(20).

### The Misdemeanor Conviction

23. Plaintiff was convicted of battery (Section 3.1, Ordinance 1493) and criminal damage to property (Section 6.6, Ordinance 1493) in the municipal court of Colby, Kansas on October 9, 2012.

5

24. Firearm rights under Kansas state law for misdemeanor domestic violence convictions (as defined in K.S.A. 21-6301) are restored five (5) years after conviction. K.S.A. 21-6301(a)(18). Because Plaintiff's misdemeanor was convicted more than five years ago (on October 9, 2012), Plaintiff is not prohibited from possessing or purchasing firearms under state law.

25. Under federal law, however, misdemeanor domestic violence convictions prohibit firearms possession (18 U.S.C 922(g)). However, this prohibition applies only to State or federal convictions and does NOT apply to misdemeanor domestic violence convictions in municipal court. *United States v. Pauler*, 857 F.3d 1073 (10th Cir. 2017).

26. Plaintiff's misdemeanor convictions were in the municipal court of Colby, Kansas and, therefore, are not prohibiting convictions under federal law.

27. This Court may resolve the aforementioned issues that have arisen between the parties and, further, may avoid future similar disputes altogether.

28. Plaintiff is entitled to an award of attorneys fees pursuant to 18 U.S.C.A. § 925A(2).

WHEREFORE, Plaintiff prays this Court enter declaratory judgment in Plaintiff's favor, that is, declaring that Plaintiff has the legal right to purchase and possess firearms pursuant to State and federal law; for an order directing Defendants to correct their records to reflect the same; for an order for Defendants to cease denying transfers of firearms purchased by Plaintiff from FFLs; for an award of reasonable attorneys fees, for the costs herein incurred, and for any further relief which this Court deems just and equitable under the circumstances.

/s/Richard W. Martin, Jr.

---
Richard W. Martin, Jr.      # 22502
MARTIN & WALLENTINE, LLC
130 N. Cherry, Ste. 201
Olathe, Kansas 66061
Tel:    (913) 764-9700
Fax:    (913) 764-9701
rmartin@kc-attorney.com
*Attorney for Plaintiff*

## **VERIFICATION**

STATE OF Kansas      )
                     ) ss.
COUNTY OF Thomas     )

_____
KIRT DUGGER

KIRT DUGGER, of lawful age and first duly sworn upon his/her oath states: that s/he is familiar with the contents of the foregoing and that the statements, allegations and other matters contained in it are true and correct.

Sworn to before me, a Notary Public, on this  13  day of  April , 20 22 .

_____
Notary Public

My Commission Expires:

4-24-2022

SAMANTHA SHEPHERD
NOTARY PUBLIC
STATE OF KANSAS
My Appt Exp. 4-24-2022